Leon S. POIRIER, Plaintiff-Appellant,

v.

Charles R. CARSON et al., Defendants,

Bill Lynch, Defendant-Appellee.

No. 75–1134.

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1976.
Rehearing and Rehearing En Banc
Denied Oct. 8, 1976.

**824**

James J. Morrison, New Orleans, La., for plaintiff-appellant.

Edward J. Gay, III, John G. Weinmann, Esmond Phelps, II, New Orleans, La., for Bill Lynch.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

This case contains the potential head-on conflict between a defendant newsman's claimed First Amendment right to keep secret his news sources and a plaintiff's claimed due process right in civil litigation to take full advantage of the discovery procedures. The conflict does not quite come off, however, because we hold that summary judgment as to liability was properly granted for the defendant, the plaintiff having failed to establish sufficient issues of material fact to make a case; and that the district court did not abuse its discretion in refusing an order to compel the defendant newsman to answer the crucial question. In other words, the refusal of the district court to compel a disclosure of the source of the news articles in question did not deprive the plaintiff of any procedural right to which he would otherwise have been entitled, even if the newsman's privilege had not been involved.

Briefly, the plaintiff asserted a 42 U.S. C.A. § 1983 action against six defendants: five employees of the Louisiana Departments of Public Safety and Revenue (not involved in this appeal), and the appellee here, Bill Lynch, a newspaper reporter in Baton Rouge for the New Orleans States-Item. District Judge Frederick J. R. Heebe ably sets out the case and the basis of the decision here for review as follows:

". . . The gist of plaintiff's claim is that these defendants conspired to have plaintiff arrested and prosecuted for alleged violations of the State Revenue Code which were clearly inapplicable to plaintiff's situation, or which had prescribed or which otherwise were made in bad faith, for the purpose of embarrassing, humiliating and harassing plaintiff. Lynch's part in the alleged conspiracy deals with his publication of several articles dealing mainly with plaintiff's financial transactions, the information for which was obtained from confidential reports prepared by Carson [defendant Charles R. Carson] for the legislative Anti-Mafia Committee, and an article on plaintiff's arrest which was based on a police report. Lynch has refused to divulge who furnished the Carson reports to him. However, in his deposition, taken on September 18, 1974, Lynch stated that he did not receive the Carson report from any of the defendants in this case, including Carson. In addition, he stated that he did not discuss the contents of the articles which he wrote for the States-Item with any of the defendants in this case prior to the filing of the lawsuit and that he never met, spoke to or communicated with Carson prior to the lawsuit. Even plaintiff, in his memorandum, admits that he has ['] . . . taken the deposition of the man we believe gave Lynch the reports, Mr. Carson, but he denies having done so, and he denies any knowledge of who did so. We have also taken the depositions of a great many other people, both parties and non-parties, and they have likewise denied any knowledge as to who leaked this information.[']

"[A] private party involved in . . . a conspiracy, even though not an official of the State, can be liable under § 1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he

is a *willful participant* in joint activity with the State or its agents . . . .' " [*quoting United States v. Price*, 383 U.S. 787, 794 [86 S.Ct. 1152, 16 L.Ed.2d 267] (1966)].

(emphasis added). *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 [90 S.Ct. 1598, 26 L.Ed.2d 142](1970). This suit was filed on June 30, 1972, some two years and four months ago, and during all this time with the aid of extensive discovery, plaintiff has not been able to come up with one shred of evidence that would link Lynch, as a newspaper reporter, to the alleged conspiracy. The court feels that this is a proper instance for summary judgment as, unlike the situation in the *Adickes* case, *supra*, at 153 [90 S.Ct. 1598], we find that Lynch has carried his burden of showing the absence of any genuine issue of fact.

"Plaintiff's case against Lynch is basically one for allegedly knowingly and maliciously reporting inaccurate information about the plaintiff, cognizable as a defamation action under Article 2315 of the Louisiana Civil Code. There is nothing in all of the facts now available which would indicate, even if plaintiff could prove these allegations, that Lynch published his articles at the behest of or with an eye to aiding any of the other defendants in their alleged concerted actions against plaintiff.

"Plaintiff, by way of his motion to compel party to answer oral interrogatories on deposition, seeks to find who actually supplied Lynch with Carson's confidential reports. Lynch was prepared to be, and was in fact, deposed as to all of his knowledge surrounding the facts which form the basis of this suit. He was, and the Court so believes, unaware of any facts which would prove or tend to prove that any of the defendants were involved in any kind of a conspiracy to deprive plaintiff of his constitutional rights. During the deposition Lynch did, as previously stated, refuse to divulge who supplied him with the Carson reports, and this nondivulgence of Lynch's source is the ground for plaintiff's discovery motion. Plaintiff asserts that without this information he can never prove that Lynch

was a part of the conspiracy. However, we have found that Lynch has carried his burden of showing that he was not involved in a 'conspiracy' with the named defendants. Plaintiff has not convinced the Court that compelling Lynch to reveal his source would contribute information which would, indeed, link Lynch to the alleged conspiracy. 'Compelled disclosure of confidential sources unquestionably threatens a journalist's ability to secure information that is made available to him only on a confidential basis . . . . The deterrent effect of such disclosure is likely to have upon future 'undercover' investigative reporting . . . threatens freedom of the press and the public's need to be informed. It thereby undermines values which traditionally have been protected by federal courts applying federal public policy.' *Baker v. F & F Investment*, 470 F.2d 778, 782 (2d Cir. 1972). Because we believe that divulgence of the source would not further plaintiff's suit vis-a-vis Lynch, we have, in view of 'the broad scope of the district court's discretion to grant or deny orders for discovery under Rule 37 . . . .' taken the action as ordered above.

/s/ Frederick J. R. Heebe"

We will assume, without deciding, that a § 1983 action could lie against the defendant if he had acted in concert with the state officers as alleged. That issue was not presented on appeal and, although raised by this Court at oral argument, does not need resolution in order for us to affirm the action of the district court.

An essential element of the plaintiff's alleged case against Bill Lynch, however, was that the information printed in the three news articles had come from either Carson or one of the other defendants. The plaintiff candidly admits that he has no direct evidence on this fact. Bill Lynch testified that he did not receive the information from either Carson or any of the other defendants and, in turn, they each testified that they had not given Lynch the information and had no knowledge of where he had gotten it. A careful defense would probably go further and give evi-

dence of where the information was obtained. The only relevance of this evidence, however, would be to prove the correctness of Lynch's testimony, as well as the fact that it did not come from defendants. Proof of a positive fact to prove a negative one. But the defendant has no obligation to come forward with this kind of evidence in order to demonstrate that there is no issue as to the fact upon which the plaintiff must hinge his case. The coincidental circumstance of the publication of news articles in conjunction with the investigative activity of government employees alone is not sufficient to create an issue of fact when all the direct evidence is to the contrary. The plaintiff asserts a curious coincidence in the publication of material to which other defendants had access which by Louisiana law must remain secret. But a court would need to ignore the realities of everyday news gathering of government information to submit this coincidence alone to a jury as evidence that the newsgatherer had acted in concert with the named government agents to deprive plaintiff of his constitutional rights to be free from unreasonable search and seizure, malicious prosecution and government harassment.

Under the circumstances of this case, we perceive no error in the analysis of the case by Judge Heebe which led to a summary judgment for the defendant newsman and a denial of an order compelling that he reveal the source of his news stories.

Finally, it should be pointed out that this is not a libel action. There is no allegation that the news stories contained untrue material. We address no opinion as to the law applicable to such a case.

AFFIRMED.

TJOFLAT, Circuit Judge (concurring specially).

I concur only in the result reached by the majority. I would affirm the District Court on the ground that the complaint fails to state a claim against appellee Lynch cognizable under 42 U.S.C. § 1983. The complaint charges his co-defendants, all state employees, with employing state investigative agencies in a conspiracy to prosecute the plaintiff without probable cause. Lynch was not alleged to be a member of that conspiracy. His sole involvement was as a reporter. He wrote an article containing information given him by one of the co-defendants, Carson, who had allegedly obtained it from plaintiff's tax returns during the course of the investigation. Even if the article was libelous, and I do not suggest that it was, Lynch was not subject to section 1983 liability. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405, 44 U.S.L.W. 4337 (1976).